IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40567
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TAIRONE TRANIEL STANFORD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-151-2
--------------------
March 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Appellant, Tairone Traniel Stanford, seeks reversal of his conviction of one count of possession with intent to distribute cocaine base (crack) and one count of conspiracy to possess with intent to distribute crack. Finding no error, we affirm.

Stanford's contention that the district court erred in admitting evidence of a prior drug transaction between Stanford and Ronald Thomas under FED. R. EVID. 404(b) is without merit. Acts committed in furtherance of a conspiracy are part of the act charged and evidence of such acts constitutes intrinsic, i.e.,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

direct evidence of the conspiracy.  See United States v. Garcia Abrego, 141 F.3d 142, 175 (5th Cir.), *cert. denied*, -- U.S. --, 119 S. Ct. 182 (1998).  Stanford's argument that he cannot be convicted of the prior transaction because it was not alleged in the indictment is likewise unavailing.  The indictment gave Stanford sufficient notice of the crime alleged and Stanford's motion in limine to exclude the evidence demonstrates that he was not prejudiced in his defense.  See United States v. Cochran, 697 F.2d 600, 604 (5th Cir. 1983).

As Stanford failed to move for judgment acquittal at any time during or after trial, this court's review of the sufficiency of the evidence is limited to a determination of whether the record is devoid of evidence of guilt or if evidence on a key element "is so tenuous that a conviction would be shocking."  United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991).  Thomas' testimony is sufficient to demonstrate the existence of an agreement with Stanford to violate drug laws notwithstanding any self-interest he may have had in cooperating with the Government.  See United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993).  Stanford's further contention that he could not have entered into a conspiracy with Thomas because Thomas was a government informant overlooks the simple fact that the conspiracy came into existence prior to the time that Thomas began cooperating with law enforcement.  Although a person may not be a conspirator while working as an informer, he "may have been a part of the continuing conspiracy prior to becoming an informer."  United States v. Asibor, 109 F.3d 1023, 1032 (5th

Cir. 1997).

We also reject Stanford's argument that the district court erred in admitting the crack cocaine due to a break in the chain of custody. There was no break in the chain of custody during the relevant time period following Stanford's arrest. The testimony established that the crack cocaine retrieved from Stanford's vehicle was the same crack cocaine identified at trial. Moreover, any suggested break goes to the weight rather than the admissibility of evidence. See United States v. Dixon, 132 F.3d 192, 197 (5th Cir. 1997).

Finally, Stanford raises the frivolous argument that the district court admitted the crack into evidence *sua sponte* without a motion to do so by the Government. The record clearly demonstrates that the Government offered the crack in evidence during testimony by a chemist. The district court overruled Stanford's objection to the admissibility. The fact that the district court did not state that the crack was admitted until after the witness had been passed does not alter the fact that the evidence was offered for admission.

For the foregoing reasons, we AFFIRM the conviction.

AFFIRMED